UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____ :
                                  :
COREY L. MCFADDEN,                :
                                  :
          Plaintiff,              :
                                  :
     v.                           :     Case No.: 1:12-cv-00940-RBW
                                  :
WASHINGTON METROPOLITAN           :
   AREA TRANSIT AUTHORITY,  :
                                  :
          Defendant.              :
_____ :
                                  :
COREY L. MCFADDEN,                :
                                  :
          Plaintiff,              :
                                  :
     v.                           :     Case No. 1:14-cv-01115
                                  :
WASHINGTON METROPOLITAN           :
   AREA TRANSIT AUITHORITY, et al.  :
                                  :
          Defendants.             :
_____ :

## DEFENDANT WMATA'S MOTION TO CONSOLIDATE CASES

       Defendant, Washington Metropolitan Area Transit Authority ("WMATA"), pursuant

to Fed. R. Civ. P. 42, hereby moves the Court to consolidate the above-referenced cases.

The Plaintiff in both of these cases is Corey McFadden, a former WMATA bus mechanic.

Both of these cases are based primarily on Rehabilitation Act and retaliation claims by

Plaintiff related to his employment with WMATA.   The current operative complaints in

each of these cases contain a common nucleus of fact. Although some of the allegations

in the second case contain allegations purportedly occurring after the filing of the first suit,

absent consolidation, it would be virtually impossible to potentially have two separate

1

trials without the risk of repeating substantial testimony, related to the common issues in each of these cases.

## CONCLUSION

For the foregoing reasons, and as set forth in greater detail in the accompanying Memorandum of Points and Authorities, WMATA respectfully requests that this Motion be granted, and that the two captioned cases be consolidated for all purposes.

## Coordination with Other Parties

Plaintiff opposes this motion.   Counsel for Local 689 reserves the right to oppose this motion.

/s/ Gerard J. Stief
Gerard J. Stief #925933
Chief Counsel—Appeals & Special Lit.
WMATA
600 Fifth Street, N.W.
Washington, D.C.   20001
(202) 962-1463
Attorney for Defendant WMATA

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant WMATA's Motion to

Consolidate was electronically transmitted via PACER this 17th day of November, 2016

to:

Corey McFadden (<u>pro</u> <u>se</u>)
[Current address unknown]

Douglas Taylor
Brian Connolly
Gromfine, Taylor and Tyler
1420 King Street
Suite 500
Alexandria, VA 22314


   /s/ Gerard J. Stief           
   Gerard J. Stief

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____ :
                                 :
COREY L. MCFADDEN,               :
                                 :
            Plaintiff,           :
                                 :
      v.                         :      Case No.: 1:12-cv-00940-RBW
                                 :
WASHINGTON METROPOLITAN          :
   AREA TRANSIT AUTHORITY,  :
                                 :
            Defendant.           :
_____ :
                                 :
COREY L. MCFADDEN,               :
                                 :
            Plaintiff,           :
                                 :
      v.                         :      Case No. 1:14-cv-01115
                                 :
WASHINGTON METROPOLITAN          :
   AREA TRANSIT AUITHORITY, et al. :
                                 :
            Defendants.          :
_____ :

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF WMATA'S MOTION TO CONSOLIDATE CASES

Plaintiff Corey McFadden has filed two separate, but related cases, related to his prior employment with Defendant Washington Metropolitan Area Transit Authority ("WMATA").   In Civil Action No. 12-cv-940, Plaintiff sued WMATA and three WMATA employees (Dr. Cooper-Lucas, Dr. Kelly, and John Coleman), alleging, inter alia, claims arising under the Rehabilitation Act, 29 U.S.C. § 794a, and retaliation.   Through its September 2, 2016 decision in No. 12-cv-940 on the summary judgment motions, the Court dismissed the individual Defendants, but allowed Plaintiff to proceed on his

4

Rehabilitation Act and retaliation claims.

In Civil Action No. 14-cv-1115, Plaintiff sued WMATA, eight WMATA officials (including Dr. Cooper-Lucas, Dr. Kelly, and Mr. Coleman), again alleging, inter alia, claims arising under the Rehabilitation Act and retaliation. Although discovery is substantially complete in No. 12-cv-940, there remains the issue of WMATA issuing subpoenas for Plaintiff's medical records, which the Court allowed to be deferred until after the ruling on summary judgment in light of Plaintiff's reluctance to agree to sign appropriate medical authorizations. WMATA also needs to reopen Plaintiff's deposition in No. 12-cv-940 to ascertain Plaintiff's work history and earnings since his 2014 deposition.   Discovery has not commenced in No. 14-cv-1115, but should commence promptly now that the Court has ruled on the motion to dismiss by Dr. Hertzberg. WMATA anticipates that it may be possible to combine the limited reopening of Plaintiff's deposition in the first case with his deposition in the second case for purposes of economy and convenience for Plaintiff.

Fed. R. Civ. P. 42 permits consolidation where the case involves "a common question of law or fact."   As 8 Moore's Federal Practice 3D § 42.10[2][a][iv] states:

> A common factual issue, such as two lawsuits pending in the same court and brought by the same plaintiff, is a sufficient basis for consolidation if combining the two cases will simplify the litigation process.   Especially if the alternative (to dismiss the second lawsuit and require the plaintiff to amend its first complaint to add the dismissed allegations) would be a complicated exercise of form over substance, consolidation is generally preferred.   (Footnotes omitted).

A review of the allegations in each of these two cases demonstrates the common nucleus of fact between these two cases. The factual allegations in both operative complaints are, in many respects, substantially identical.   Compare the factual allegations beginning with Paragraph 11 of Document 61 in No. 12-cv-940, Plaintiff's

First Amended Complaint, with the factual allegations beginning with Paragraph 24 of Document 81, Plaintiff's Second Amended Complaint, in No. 14-cv-1115.   Although Plaintiff has added claims against Local 689 in the second case, nonetheless, the principal focus of that second case is his Rehabilitation Act claims against WMATA, thus presenting common issues of law and fact.   Although Plaintiff has added some factual allegations related to events occurring after he filed his first suit, there is a common nucleus of fact and legal argument between the two cases.   Moreover, there is an overlap in the alleged damages which Plaintiff is seeking.   In other words, it would prove extremely difficult, if not impossible, to try these two cases separately without having many of the same witnesses, and much of the same testimony, repeated.

Principles of judicial economy strongly dictate consolidating these two cases. The convenience to the common witnesses alone support consolidation.   Adding to that equation is the benefit to the trial court and prospective jurors from combining all issues into one case.   This further supports consolidation.

## CONCLUSION

For the foregoing reasons, WMATA respectfully requests that this motion be granted and that the above-captioned cases be consolidated.

/s/ Gerard J. Stief
Gerard J. Stief