UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **COREY L. BEY,**<br><br>　**Plaintiff,**<br><br>　v.<br><br>**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,**<br><br>　**Defendant.** | Civil Action No. 1:14-cv-01115-RBW |

**DEFENDANT WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY'S REPLY TO PLAINTIFF'S OBJECTION TO ITS MOTION *IN LIMINE* AS TO PLAINTIFF'S TERMINATION AS A STATION MANAGER**

**COMES NOW** Defendant, Washington Metropolitan Area Transit Authority (hereinafter "WMATA"), by and through undersigned counsel, and per the court's Order of February 25, 2020 (Dkt. 222), hereby replies to Plaintiff's Objection to WMATA's Motion *in Limine* to preclude Plaintiff from presenting evidence or making reference as to his termination as a WMATA station manager.

**I.   ARGUMENT**

 **a. Plaintiff Does Not Dispute That He Did Not File An EEOC Complaint Involving His Medical Disqualification as a Station Manager**

Plaintiff does not dispute that he failed to file a complaint with the EEOC as to his 2014 medical disqualification from the station manager position. As WMATA's exhibits two through five demonstrate, Plaintiff filed four EEOC complaints starting on January 21, 2011 (Def. Ex. 2) and ending on October 23, 2012 (Def. Ex. 5). This last EEOC complaint was approximately <u>one year and six months prior to</u> Plaintiff's medical disqualification as a station manager.

As Plaintiff concedes that he did not file an EEOC complaint alleging retaliation for the disqualification from the station manager position, he did not exhaust his administrative remedies.

Plaintiff opposes this argument by stating "evidence of his [station manager] termination can form a basis for his retaliation complaint." (Pl. Obj. at 3.) If this argument were to be believed, then the EEOC administrative exhaustion requirement would be null and void.

Similarly, Plaintiff's reliance on *Young v. Covington & Burling LLP* is misplaced. 736 F. Supp. 2d 151 (D.D.C. 2010). In that case, the plaintiff, a lawyer, filed an administrative complaint with the EEOC in June 2008, a time period <u>after</u> the 2007 events of Plaintiff's alleged discrimination and ultimate termination by defendant Covington & Burling LLP. *See Young*, 736 F. Supp. 2d at 154-155. In ruling that the language in the plaintiff's EEOC complaint did encompass her specific claim of discrimination, the court found that the language "was clearly sufficient to put both the EEOC and Covington on notice that a disparate-impact charge was being asserted." *Id*. at 158. Applied to the case at hand, *Young* does not apply as (1) Plaintiff did not file an EEOC complaint as to his 2014 medical disqualification as a station manager, and (2) his disqualification occurred one year and six months <u>after</u> the last EEOC complaint he filed. Therefore, the EEOC and WMATA could not have been put on notice of any administrative complaint regarding his 2014 medical disqualification and it thereby deprived the EEOC of the opportunity to reasonably be expected to investigate the disqualification. *See Marshall v. Fed. Express Corp.*, 130 F.3d 1095, 1098 (D.C. Cir. 1997) (finding that "[t]he commission could not reasonably be expected to investigate [the plaintiff's] firing based on the allegations in the charge" when "the charge filed by [the plaintiff] with the EEOC made no mention of her termination."); *see also Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995) ("Title VII['s]

require[ment] that a person complaining of a violation file an administrative charge with the EEOC and allow the agency time to act on the charge. Only after the EEOC has notified the aggrieved person of its decision to dismiss or its inability to bring a civil action within the requisite time period can that person bring a civil action herself.), citing 42 U.S.C. § 2000e-5(f)(1) (1994)).

The federal regulation and case law are clear, before bringing suit in federal court, ADA and Rehabilitation Act plaintiffs, like those under Title VII, <u>must exhaust their administrative remedies</u> by filing an EEOC charge and giving that agency a chance to act on it. *See* 42 U.S.C. § 12117(a); *Marshall*, 130 F. 3d at 1098; *Johnson v. District of Columbia*, 572 F. Supp. 2d 94, 102 (D.D.C. 2008). This requirement also applies to retaliation claims brought under those provisions. *Johnson*, 572 F. Supp. 2d at 102.

"The employee may commence a civil action against her employer if, <u>and only if</u>, the EEOC has dismissed the administrative complaint or has itself failed to begin a civil action within 180 days of the original EEOC filing." *Jorge v. Rumsfeld*, 404 F.3d 556, 564 (1st Cir. 2005) (emphasis added), citing 42 U.S.C. § 2000e-5(f)(1).

In short, an employee must exhaust the administrative process <u>for each discrete act</u> for which he seeks to bring a claim. *See Nat'l Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 113-114 (2002). Each "discrete act" of discrimination or retaliation must be exhausted "regardless of any relationship that may exist between those discrete claims and any others." *Coleman-Adebayo v. Leavitt*, 326 F. Supp. 2d 132, 138 (D.D.C. 2004); *Nat'l Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002) ("Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are individual acts that occur at a fixed time.").

As the D.C. Circuit held in *Marshall*, a plaintiff's timely complaint with the EEOC as to one discrete act of discrimination cannot then circumvent the EEOC administrative exhaustion procedures for a later claimed act of discrimination that was never filed with the EEOC. Notably, the D.C. Circuit found that the plaintiff "never filed a second charge alleging a discriminatory termination, nor did she amend her original charge or otherwise bring her termination to the Commission's attention." 130 F.3d at 1098.[1]

The same is true here, as Plaintiff concedes that he did not exhaust the administrative remedies and, thereby, denied the EEOC an opportunity to act as to the discrete act of his medical disqualification from the station manager position. Therefore, Plaintiff cannot use such disqualification as a basis for his retaliation claim.

### b. Evidence of Plaintiff's Medical Disqualification as a Station Manager Is Not Relevant to His Remaining Claims of Discrimination or Retaliation

Through it's Motion *in Limine*, WMATA is seeking to prevent Plaintiff from presenting evidence or making reference to Plaintiff's medical disqualification from the WMATA station manager position – which occurred in April 2014.

Plaintiff is now trying to use his medical disqualification in April 2014 to do what he did not do before the EEOC and through the administrative process -- claim that his medical disqualification from the station manager position was retaliatory or discriminatory. Plaintiff does not hide his intention when he states in his Objection:

---

[1] Other federal courts have found the failure to exhaust administrative remedies as a basis to enter an order *in limine* to prevent the introduction at trial of such evidence on unexhausted claims. *See Sunada v. Clark County Sch. Dist.*, 2010 U.S. Dist. LEXIS 28182, at *11 (D. Nev. 2010) (denying plaintiff's motion *in limine* to include a failure to accommodate allegation at trial because the accommodation request and denial were not exhausted); *Green v. Office of the Sheriff's Office*, 2002 U.S. Dist. LEXIS 26485, at *9-10 (M.D. Fla. 2002) (granting defendant's motion *in limine* to exclude evidence of plaintiff's unexhausted claim); *See Davenport v. West*, 1997 U.S. App. LEXIS 22714, at *9-11 (6th Cir. 1997) (affirming lower's court's decision to exclude from evidence plaintiff's unexhausted claim).

> The crux of Mr. Bey's second claim—retaliation—is that his former employer engaged in a series of retaliatory acts, including but not limited to retaliating against him for taking protected actions like asking for disability accommodations and filing EEOC complaints. <u>His termination as a station manager is a critical, final adverse action</u>.

(Pl. Obj. at 2.)

Plaintiff also argues that his April 2014 medical disqualification is relevant for his discrimination claim. However, Plaintiff's sole remaining discrimination claim relates to WMATA's denial of his ADA request for accommodation for more time to perform his job <u>as a bus mechanic</u>. Further, Plaintiff's request for accommodation was made in February 2012 and WMATA's decision as to the request was made in May 2012. Almost <u>two years prior to</u> his April 2014 medical disqualification as a station manager.

Plaintiff's request for accommodation for more time to perform his job and WMATA's decision on the request have nothing to do with the April 2014 medical disqualification from the station manger position as they are not causally related as a matter of law from the alleged protected activity (the filing of his EEOC Complaints) and the alleged adverse action. *See Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273-274 (2001) ("The cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a *prima facie* case uniformly hold that the temporal proximity must be "very close," *Neal v. Ferguson Constr. Co.*, 237 F.3d 1248, 1253 (10th Cir. 2001), citing *Richmond v. Oneok, Inc.*, 120 F.3d 205, 209 (10th Cir. 1997) (3-month period insufficient); *Hughes v. Derwinski*, 967 F.2d 1168, 1174-1175 (7th Cir. 1992) (4-month period insufficient)).

## II.   CONCLUSION

**WHEREFORE**, for the reasons stated in its Motion and this Reply, WMATA respectfully requests that the Court grant its Motion *in Limine* and preclude Plaintiff from presenting evidence or making reference to his termination as a station manager.

Respectfully submitted,

*/s/ Nimalan Amirthalingam*
Christopher E. Hassell, Esquire (#291641)
Nimalan Amirthalingam, Esquire (#485117)
**BONNER KIERNAN TREBACH & CROCIATA, LLP**
1233 20th Street, NW, Suite 800
Washington, D.C. 20036
T: (202) 712-7000
F: (202) 712-7100
chassel@bonnerkiernan.com
namirthalingam@bonnerkiernan.com
*Counsel for Defendant Washington Metropolitan Area Transit Authority*

Michael K. Guss, Esquire (# 465171)
**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY**
600 Fifth Street, NW
Washington, DC 20001
T: 202-962-1468
F: 202-962-2550
mkguss@wmata.com
*Counsel for Defendant Washington Metropolitan Area Transit Authority*

## **CERTIFICATE OF SERVICE**

I certify that on March 27, 2020, a copy of the foregoing was served *via* the court's electronic filing system on all counsel of record.

          */s/ Nimalan Amirthalingam*
          Nimalan Amirthalingam