UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COREY L. BEY,  )  <br> ) <br> Plaintiff,  ) <br> ) <br> v.  ) <br> ) <br> WASHINGTON METROPOLITAN AREA ) <br> TRANSIT AUTHORITY,  ) <br> ) <br> Defendant.  ) <br> ) | Civil No. 1:14-cv-1115-RBW |

**PLAINTIFF'S SURREPLY TO DEFENDANT'S MOTION IN LIMINE AS TO LOST WAGES BEYOND THE DATE PLAINTIFF ACCEPTED EMPLOYMENT AS A STATION MANAGER**

Plaintiff Corey L. Bey respectfully submits the following surreply and asks the Court to deny Defendant Washington Metropolitan Area Transit Authority's motion in limine as to lost wages after Plaintiff's acceptance of employment as a station manager (ECF #176). Defendant's reply (ECF #239) to Plaintiff's objection misstates critical facts, and a corrected record will illustrate how evidence of lost wages is relevant to the damages calculation. Plaintiff submits the following factual corrections for the Court's consideration:

**A. Factual Corrections as to Plaintiff's Lost Wages:**

1. Plaintiff was not employed by Defendant for the "full year" in 2011because he was not allowed to work after January 26, 2011 until his reinstatement many months later. As demonstrated by pay slips in Defendant's motion (ECF #176), Plaintiff worked only 390.55 regular hours and 106.7 overtime hours in 2011.

2. Plaintiff's back pay for the period he was removed from work in 2011 did not account for his 150% overtime pay, midnight shift differential, and paid for fewer hours than Plaintiff would have worked.

3. Defendant's pay slips indicate that Plaintiff's salary as a station manager was $26.37/hour. He was not paid a regular salary within the range of "$27.42/hour up to $30.47/hour" as Defendant suggests.

4. Defendant's own pay slips show that Plaintiff never received a pay raise for full-time work in 2014.

**B. Factual Corrections at to Discovery:**

1. Plaintiff's calculations presented in Plaintiff's objections (ECF #231) are not new assertions of damages. Rather, they are computations from sources readily available to Defendant for the purpose of demonstrating Plaintiff's salary had he not been wrongfully terminated as a bus mechanic in 2012.

2. **Exhibit D** explains that these calculations are based on Defendant's pay slips and the Collective Bargaining Agreement between Defendant and Amalgamated Transit Union Local 689. This information was taken from Defendant's own website.

3. Plaintiff's subsequent employment history could not have been produced to Defendant in 2014, as it relates specifically to facts after this time period. It is not prohibited by Rule 26.

## CONCLUSION

For the reasons stated in the memorandum of points in support of Plaintiff's motion for leave to file surreply, the Court must correct the above factual errors. The factual errors are dispositive to Defendant's motion in limine as to evidence of Plaintiff's lost wages after

accepting the station manager role, and based on the corrected factual record, Defendant's motion should be denied.

Respectfully,

Tina Tang
Court-certified student attorney

Valencia Richardson
Court-certified student attorney

Andrew Dam
Court-certified student attorney

Alexander Afnan
Court-certified student attorney

/s/   Heather Abraham
Heather R. Abraham (DC Bar No. 1616335)
Georgetown University Law Center
Civil Rights Clinic
600 New Jersey Avenue, NW
Suite 352
Washington, DC 20001
Phone: (202) 662-9546
Heather.Abraham@georgetown.edu

*Attorneys for Plaintiff*