UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COREY L. BEY, </br></br> Plaintiff, </br></br> v. </br></br> WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, </br></br> Defendant. | Civil No. 1:14-cv-1115-RBW |

**PLAINTIFF'S SURREPLY TO DEFENDANT'S MOTION IN LIMINE AS TO PLAINTIFF'S EXPERT WITNESSES**

Plaintiff Corey L. Bey respectfully submits the following surreply and asks the Court to deny Defendant's motion in limine on Plaintiff's expert witnesses (ECF #177). Defendant's reply (ECF #237) to Plaintiff's objection contains several factual inaccuracies, and a corrected record will show that Plaintiff's expert testimony will not unduly prejudice Defendant. Plaintiff submits the following factual corrections for the Court's consideration:

**A. Factual Corrections as to Defendant's Notice:**

1. Dr. Fischer's independent medical evaluation was commissioned by Defendant and was sent directly to Defendant's medical office. The medical evaluation was only turned over to Plaintiff during discovery, after multiple complaints to the Court over Defendant's reluctance to do so.

2. Dr. Forrester's independent medical evaluation report was submitted to Defendant's medical department immediately after Plaintiff's receipt.

3. Dr. Blaes was first disclosed as an expert witness during Plaintiff's initial disclosures for *Bey I* (1:12-cv-00940-RBW). Defendant had ample opportunity to depose the witness or subpoena any relevant documents.

4. Plaintiff has met several times with Defendant's previous in-house counsel. As part of a compromise ordered by the Court during discovery, Defendant's former counsel met with Plaintiff several times in order to exchange discovery documents. Since the cost of producing copies of documents was too burdensome on Plaintiff, the Court ordered Plaintiff and Defendant's former counsel to meet in person to exchange documents, and Defendant's former counsel then made decisions on which documents to copy and retain.

5. Plaintiff first disclosed the anticipated testimonies of Dr. Blaes, Dr. Fischer, and Dr. Forrester to Defendant's former counsel in 2016. Plaintiffs contends that any documents lost resulted during the transition from Defendant's former counsel to current counsel.

6. Dr. Forrester and Dr. Fischer were never Plaintiff's treating physician, and therefore had no additional medical files other than the independent medical evaluation report, to which Defendant already had access.

**B. Factual Corrections as to Plaintiff's *pro se* Status:**

1. Michelle Bell withdrew her appearance as counsel for Plaintiff on May 21, 2014 (*See* 1:12-cv-00940-RBW, Dkt No. 41, 05/21/14 Unopposed Motion To Withdraw As Attorney of Plaintiff). Michelle Bell was Plaintiff's attorney for **44 days** of the **2,856 days** this case has been pending. In other words, she represented Plaintiff for a mere **1.5%** of the case.

2. The legal fees Plaintiff paid were for initial consultations, and to prepare the initial complaint in *Bey I*. Litigants seeking unbundled legal services are still considered *pro se*.

## CONCLUSION

For the reasons stated, the Court should correct the above factual errors and not rely on inaccurate facts in resolving the merits of the motions in limine. Because the factual errors are dispositive to Defendant's motion in limine as to Plaintiff's expert witnesses and based on the corrected factual record, Defendant's motion should be denied.

Respectfully,

Tina Tang
Court-certified student attorney

Valencia Richardson
Court-certified student attorney

Andrew Dam
Court-certified student attorney

Alexander Afnan
Court-certified student attorney

/s/   Heather Abraham
Heather R. Abraham (DC Bar No. 1616335)
Georgetown University Law Center
Civil Rights Clinic
600 New Jersey Avenue, NW
Suite 352
Washington, DC 20001
Phone: (202) 662-9546
Heather.Abraham@georgetown.edu

*Attorneys for Plaintiff*