### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **COREY L. BEY,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 1:14-cv-01115-RBW** |
| **WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,** | |
| **Defendant.** | |

### JOINT STATUS REPORT

**COME NOW**, Plaintiff Corey L. Bey and Defendant Washington Metropolitan Area, by and through undersigned counsel, and in response to the Court's Order of March 17, 2020 (Dkt. 235), requesting that the Parties submit a joint status report proposing a schedule governing further proceedings in this case, state the following.

At the time the Court entered its Order on March 17, vacating all pending deadlines, the following events were remaining to occur:

- Plaintiff's jury instruction, *voir dire*, verdict form to Defendant: March 18, 2020;

- Meeting/conference call to discuss pre-trial statement: March 18, 2020;

- Filing of the Amended Joint Pre-Trial Statement: March 20, 2020.

- Plaintiff's objections to Defendant's jury instruction, *voir dire* and verdict form: March 20, 2020;

- Defendant's objections to Plaintiff's jury instruction, *voir dire*, verdict form: March 25, 2020;

- Defendant's reply to Plaintiff's supplemental opposition briefs to certain of Defendant's Motions *in Limine*: March 27, 2020;[1]

---

[1] Defendant filed replies to Plaintiff's supplemental opposition briefs to motions *in limine* on March 27, 2020. (*See* Dkt. Nos. 236-240.)

- Filing deadline of the Parties' respective jury instruction, *voir dire* and verdict form: March 28, 2020;

- Pre-Trial Conference: April 2, 2020;

- Trial: May 4-15, 2020.

Immediately after receiving the Court's March 17 Order, the Parties spent the next few days (from March 17 to March 26) discussing possible trial dates and related deadlines. The Parties have been unable to agree on dates and therefore ask the Court to select the dates.

### 1. **PLAINTIFF'S POSITION**

#### a. **Scheduling a Trial Date**

Plaintiff, in consultation with counsel, has given considerable thought to how this case should proceed in light of rapidly changing world events and his family's own health and safety. In consideration of all the facts and circumstances, Plaintiff *strongly requests* that this Honorable Court reschedule the trial for fall 2020. Specifically, Plaintiff requests a trial date of <u>November 9, 2020</u>. While Plaintiff understands Defendant's preference for an earlier trial date, the simplest solution is to schedule the trial for November 9, 2020, as both parties and their counsel are available at that time.

Scheduling a trial date is a matter of fundamental fairness. Plaintiff submits that a November trial date is reasonable for the following reasons: (1) Plaintiff's preferred counsel is his pro bono counsel, the Georgetown Law Civil Rights Clinic, whose current students are graduating in May 2020 and whose new students will begin in early September 2020; and (2) a later fall date reduces the risk that the trial will be postponed again due to unanticipated developments in the COVID-19 pandemic.

*First, the trial date has disproportionate significance to Plaintiff.* Plaintiff has conferred at length with pro bono counsel. He has established a strong working relationship with counsel

and eagerly desires to continue working with the Georgetown Law Civil Rights Clinic through a jury trial. A November trial date would allow new members of his legal team at the Civil Rights Clinic to familiarize themselves with the exceptionally lengthy record in this case, review the evidence, and prepare for trial. Counsel was honored to join the case with the understanding that student attorneys would serve as first-chair counsel. With new student attorneys taking lead on the case in September, a November trial date is a necessity for counsel to meet their ethical obligation to provide Plaintiff with competent, effective representation.

Plaintiff is cognizant of Defendant's preference for an earlier trial date. However, Defendant's generalized reasons for an earlier trial date should not override Plaintiff's more pressing need for a later trial date. Notably, this case has already been pending for eight years, so an additional 3-4 months into the fall is not a significant delay. Scheduling trial earlier would be deeply prejudicial to Plaintiff. At the same time, a later trial date would not unduly burden Defendant.

*Second, we are experiencing an unprecedent global emergency.* In light of the unprecedented global pandemic, it seems unwise to rush to a new trial date. As reflected in the District Court's most recent standing order, this pandemic and corresponding national emergency have affected all aspects of daily life, including court operations. Given that normal day-to-day interactions will likely not resume until the fall, an earlier trial date will run the risk of being pushed back repeatedly. It is very difficult to predict when the Court will call juries to perform mandatory jury duty in light of social distancing. Plaintiff contends the more prudent course is to set a November trial date.

### b.  **Pretrial Filings**

Since the Court vacated all pretrial submission deadlines in addition to the trial date, the parties have not exchanged certain parts of the joint pretrial statement. It is Plaintiff's preference to wait to exchange documents once a trial date, and a corresponding pretrial conference date, has been set. It is Plaintiff's position that it would be premature to finalize the joint pretrial statements in the absence of a confirmed trial date when such statements are usually exchanged close to the trial date. Based on Plaintiff's proposed November trial date, Plaintiff requests the following pretrial schedule:

- Each party's portion of the joint pretrial statement: Friday, September 25, 2020

- Each party's objections to opposing party's portion of the joint pretrial statement: Friday, October 2, 2020

- Each party's responses to opposing party's objections to joint pretrial statement: Friday, October 9, 2020

- Joint Pretrial Statement Submission: Monday, October 12, 2020

- Pretrial Conference: Monday, October 19, 2020

- Trial: Monday, November 9, 2020

### 2.  **DEFENDANT'S POSITION**

Defendant's Counsel has requested that Plaintiff's Counsel continue to work with them, since the March 17 Order was issued and during the months of March and April, so as to prepare and file the Amended Joint Pre-Trial Statement in May. Plaintiff has refused to do so, stating he will only provide his few remaining parts (jury instructions, *voir dire* and verdict form, objections to Defendant's set of the same and responses to Defendant's objections to Plaintiff's portion of the pre-trial statement) in September and October 2020, with the Joint Pre-Trial Statement to be filed

on October 12, 2020.[2] As these are tasks that can be accomplished now, even in this remote working environment with tools such as video teleconferencing, and do not need to be delayed for six to seven months (especially given that Plaintiff had previously filed a Joint Pre-Trial Statement on November 22, 2019 and it is Plaintiff's current counsel who requested a brief extension of time to make slight amendments to the pre-trial statement), Defendant requests that the Court order the following:

- Plaintiff's jury instruction, *voir dire*, verdict form to Defendant and Plaintiff's objections to Defendant's jury instruction, *voir dire* and verdict form: due within two days of the Court's Order;

- Defendant's objections to Plaintiff's jury instruction, *voir dire*, verdict form: due within one week of Plaintiff providing his jury instruction, *voir dire*, verdict form to Defendant;

- Plaintiff's response to Defendant's objections to the Pre-Trial Statement and Defendant's response to Plaintiff's objections to the Pre-Trial Statement: due within one week of the date set for Defendant's objections to Plaintiff's jury instruction, *voir dire*, verdict form;

- Meeting/conference call to discuss pre-trial statement: to occur within one week of the date set for Plaintiff's response to Defendant's objections and Defendant's response to Plaintiff's objections to the Pre-Trial Statement.

- Filing of the Amended Joint Pre-Trial Statement: due one week after the deadline for the Parties to confer as to the Pre-Trial Statement.

---

[2] On March 23, 2020, Defendant proposed the following schedule – which was rejected by Plaintiff:

- Plaintiff's jury instruction, *voir dire*, verdict form to Defendant: former date: March 18, 2020 -- new date: March 27, 2020
- Defendant's objections to Plaintiff's jury instruction, *voir dire*, verdict form: former date: March 25, 2020 -- new date: April 3, 2020
- Plaintiff's objections to Defendant's jury instruction, *voir dire* and verdict form: former date: March 20, 2020 -- new date: April 3, 2020
- Plaintiff's response to Defendant's objections: April 17, 2020
- Defendant's response to Plaintiff's objections: April 17, 2020
- Meeting/conference call to discuss pre-trial statement: To be scheduled during the week of April 27 - May 1.
- Filing of joint pre-trial statement: May 8, 2020.

As to the pre-trial and trial date, given how long this case has been on the docket and the three prior trial date continuances,[3] Defendant requests pre-trial and trial dates as soon as possible. Defendant is available from May 11, 2020 through the end of the year, <u>except for the following dates</u>: May 21-25, June 1-19, August 1-14, August 24-September 6, and December 21-31.

Defendant needs to rely on numerous witnesses and documents to defend itself at trial. As the events at issue occurred from 2009 to 2014, witness' memories are fading, they are retiring or otherwise leaving employment with Defendant, they become uncooperative and they are moving out of the jurisdiction. In fact, this has already happened with two of Defendant's trial witnesses, Ms. Celeste-Quillen (retired and residing in Tennessee) and Dr. Renee Moore (left employment at WMATA and residing in Alabama).

Plaintiff is currently represented by two attorneys who are licensed to practice in this court, Ms. Abraham and Mr. Francois, who are supervising the law students on this case and who will presumably continue to represent Plaintiff through trial. *See* LCvR 83.4(b)(3) (discussing how the supervisor must be intimately involved in virtually every aspect of the case, from signing pleadings and motions, to being present at depositions and court proceedings, and assuming "full professional responsibility for student's guidance in any work undertaken and for the quality of a student's work…"). There is no reason that Plaintiff, with the representation of two experienced attorneys such as Ms. Abraham and Mr. Francois – who will lead his representation even if unlicensed law students are working on the case – cannot prepare the joint pre-trial statement, participate in a pre-trial conference and represent Plaintiff at trial in the coming months. If on the

---

[3] This case has been on the Court's docket for almost eight years and has been previously scheduled for trial three separate times but has been continued in each instance: November 12, 2019 (continued for a criminal proceeding); March 16, 2020 (continued due to Plaintiff's Counsel's appearance in the case) and May 4, 2020 (continued per Court Operations Standing Order 20-9).

other hand Plaintiff argues that his "preferred counsel" are the current graduating law students who represent him, pushing the trial date to November will not permit the graduating law students to represent Plaintiff at trial.

Defendant understands the desire of the Georgetown Law Clinic to provide learning experiences for its law students, however, that choice on the Law Clinic's part should not be to the detriment of Defendant in having a speedy and efficient resolution to this matter.

Further, there is no guarantee that by delaying trial until November (or some other time in the fall or winter), that the coronavirus situation will be over. In fact, Dr. Anthony Fauci, director of the National Institute of Allergy and Infectious Disease, has stated at a White House press briefing on March 30, 2020, that he anticipates another coronavirus outbreak in the fall. This has been echoed by other experts in the field. (*See* https://www.bostonherald.com/2020/03/22/coronavirus-may-cause-disruptions-for-a-year-experts-say/ ("But the highly contagious disease could resurface in the fall and winter before a vaccine is here, Hamer and other experts warned. The vaccine won't be rolled out until the spring of 2021 at the earliest.") If that is the case, Defendant will now be facing a fourth trial continuance, pushing trial into 2021.

All Defendant is requesting is that the Court schedule the pre-trial submissions, the pre-trial conference and trial in this case for its earliest available dates as the future is (and always will be) uncertain. Defendant, therefore, requests that the pre-trial and trial occur as soon as possible.

3. **CONCLUSION**

The parties respectfully submit this joint status report for the Court's consideration.

Respectfully submitted,

Tina Tang
Court-certified student attorney

Valencia Richardson
Court-certified student attorney

Andrew Dam
Court-certified student attorney

Alexander Afnan
Court-certified student attorney

*/s/ Heather Abraham*
Heather Abraham, Esquire (#1616335)
**GEORGETOWN UNIVERSITY LAW CENTER**
Civil Rights Clinic
600 New Jersey Avenue, NW
Suite 352
Washington, D.C. 20001
T: (202) 662-9546
heather.abraham@georgetown.edu
*Counsel for Plaintiff Corey Leroy Bey*

*/s/ Nimalan Amirthalingam*
Christopher E. Hassell, Esquire (#291641)
Nimalan Amirthalingam, Esquire (#485117)
**BONNER KIERNAN TREBACH & CROCIATA, LLP**
1233 20th Street, NW
Suite 800
Washington, D.C. 20036
T: (202) 712-7000
F: (202) 712-7100
chassel@bonnerkiernan.com
namirthalingam@bonnerkiernan.com
*Counsel for Defendant Washington Metropolitan Area Transit Authority*

## CERTIFICATE OF SERVICE

I certify that on April 13, 2020, a copy of the foregoing was served *via* the court's electronic filing system on all counsel of record.

*/s/ Nimalan Amirthalingam*
Nimalan Amirthalingam